UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BARNEY J. NG, as the Sole Trustee of the
Barney J. Ng Living Trust,

                                 Plaintiff,

        -v-

STEPHEN SCHRAM,
                               Defendant.
------------------------------------------------------------X

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/31/14

No. 10-cv-8347-RA

MEMORANDUM OPINION AND ORDER

RONNIE ABRAMS, United States District Judge:

Plaintiff Barney Ng brought this action against Defendant Stephen Schram seeking enforcement of Schram's personal guarantee of a $5 million promissory note. Schram denied liability and asserted a counterclaim against Ng based on an alleged separate agreement releasing him from the guarantee. A four-day jury trial was held in November 2013, and judgment was entered for Schram on December 11, 2013. Ng now moves for judgment as a matter of law or, in the alternative, for a new trial. The motion is denied.

## BACKGROUND

This case raised a difficult question about the applicability of the parol evidence rule under Wyoming law. The Court assumes familiarity with its prior rulings and the underlying facts. In short, on September 30, 2013, the Court denied the parties' cross-motions for summary judgment, concluding that although the guarantee at issue was a valid contract as a matter of law, Schram had raised a genuine issue of material fact as to whether the parties had also formed a separate agreement releasing Schram from payment of the guarantee. In so doing, the Court, relying on the Wyoming Supreme Court's decision in Belden v. Thorkildsen, 156 P.3d 320, 322-23 (Wyo. 2007), rejected Ng's argument that the parol evidence rule precluded consideration of the purported release agreement when assessing the enforceability of the guarantee. Concluding

that the release agreement—if one was found to exist—was a separate and distinct contract not inconsistent with Schram's guarantee, the Court held that extrinsic evidence may be considered in determining the enforceability of the guarantee. (9/30/2013 Opinion & Order at 19-21.)

Ng has since attempted to relitigate this ruling at numerous junctures—in motions *in limine*, with regard to proposed jury instructions, and now, in the instant motion. (Mot. for Summ. J. at 17-22; First Mot. in Limine at 5-10; Second Mot. in Limine at 1-2, 13-14; Pl.'s Proposed Jury Instructions Nos. 39, 42; Pl.'s Mem. of Law at 10-16.)

At trial, the jury was instructed as follows:

> The Court has already determined as a matter of law that the guarantee at issue in this case is a valid contract. . . . [Y]ou are not to consider any evidence you have heard about the existence or enforceability of the guarantee for the purpose of determining the existence or validity of that guarantee. . . . [Y]ou can consider this evidence to determine whether a contract separate and distinct from and independent of the guarantee was created, even if it relates to the same general subject matter and grows out of the same transaction, as long as it is not inconsistent with the guarantee.

(Tr. 701:7-702:2.) The jury subsequently returned a unanimous verdict in Schram's favor, concluding that Schram "prove[d] a contract whereby plaintiff Barney Ng agreed to release Mr. Schram from the guarantee provision of the separation agreement as certain conditions were met" and that Schram "prove[d] that the conditions for the release of his guarantee were met," and awarding nominal damages. (Id. at 715:4-22.)

### DISCUSSION

Ng moves for judgment as a matter of law pursuant to Federal Rule 50(b), or alternatively, for a new trial pursuant to Federal Rule 59, asking the Court to "examine its decision that Schram could prove a release agreement separate and distinct from, and independent of, the written guarantee." (Pl.'s Mem. of Law at 2.) Ng's request is, in effect, a motion for reconsideration of the Court's order denying Ng's motion for summary judgment.

2

See Algie v. RCA Global Commc'ns, Inc., 891 F. Supp. 875, 881-82 (S.D.N.Y. 1994), aff'd, 60 F.3d 956 (2d Cir. 1995); cf. Church of Scientology Int'l v. Time Warner, Inc., No. 92 Civ. 3024 (PKL), 1997 WL 538912, at *3-4 (S.D.N.Y. Aug. 27, 1997) (collecting cases).[1] Although the Court has "absolute authority" to reconsider its earlier rulings up until the filing of an appeal, Williams v. Cnty. of Nassau, 779 F. Supp. 2d 276, 280 (E.D.N.Y. 2011), "[r]econsideration of a court's previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources," and Local Rule 6.3 must be narrowly construed "so as to avoid duplicative rulings on previously considered issues, and to prevent the rule from being used as a substitute for appealing a final judgment," Parrish v. Sollecito, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003) (internal quotation marks omitted) (quoting In re Health Mgmt. Sys., Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000).

Ng argues that the Court erred in concluding that there may have existed a release agreement separate and distinct from the guarantee, and in allowing the admission of parol evidence for the jury to decide that issue. (Pl.'s Mem. of Law at 2, 10-16.) In order to justify reconsideration based on clear error, however, the moving party "must demonstrate controlling law or factual matters put before the court on the underlying motion that . . . the court overlooked and that might reasonably be expected to alter the court's decision." Parrish, 253 F. Supp. 2d at 715. Ng has failed to do so here. Rather, he has simply recycled arguments that the Court rejected previously. He may raise these issues on appeal.

Ng also argues, unpersuasively, that Schram's testimony at trial contradicted his deposition testimony, and that such "perjurous trial testimony"—together with the Court's decision "not to apply the parol evidence rule,"—warrants a new trial. (Pl.'s Mem. of Law at 2-

---

[1] Ng does not appear to dispute that he is indeed asking the Court no more than to reconsider its prior ruling. (See, e.g., Pl.'s Mem. of Law at 1 ("Before empaneling a jury, this Court decided that the release agreement proffered by Defendant Stephen Schram was not inconsistent with the written guarantee. It is this decision that Plaintiff Barney Ng now challenges as error by this motion for judgment as a matter of law."), 8-9 (citing, *inter alia*, cases discussing reconsideration).)

4, 9.) The alleged inconsistencies Ng cites do not warrant a new trial. As the court noted in Ricciuti v. N.Y. City Transit Auth., 70 F. Supp. 2d 300, 327 (S.D.N.Y. 1999), "contrasts in testimony furnished legitimate grist for the cross-examiner's mill, and laid the foundation for the argument . . . counsel made to the jury that the trial testimony should be disbelieved. . . . [the] difficulty is that [he] did not persuade the jury." So was the case here. Ng had ample opportunity to cross-examine Schram, which he did vigorously. After assessing the testimony of the witnesses along with the documentary evidence, the jury credited Schram's testimony and found in his favor. This Court has also weighed the evidence, and finds no error or injustice which would warrant a new trial. See Song v. Ives Labs., Inc., 957 F.2d 1041, 1047 (2d Cir. 1992) ("[A] trial judge hearing a motion for a new trial 'is free to weigh the evidence [herself] and need not view it in the light most favorable to the verdict winner.'"); Smith v. Lightning Bolt Prods., Inc., 861 F.2d 363, 370 (2d Cir. 1988) ("The district court ordinarily should not grant a new trial unless it is convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice.").

## CONCLUSION

For the foregoing reasons, Ng's motion for judgment as a matter of law or, in the alternative, for a new trial is denied. The Clerk of Court is respectfully requested to close the motion at docket number 78.

SO ORDERED.

Dated:   July 31, 2014
         New York, New York

Ronnie Abrams
United States District Judge